Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning all. I'm pleased to be sitting today with my colleagues, Judge Britt Grant and Judge Julie Carnes. And we are back to Zoom, which is an unfortunate development, but hopefully a temporary one. But thank you for all of the attorneys today for accommodating the last minute switch. As you know, Ms. Geddes is our courtroom deputy and timekeeper. And for those of you who are not familiar with our system, we operate on the traffic light system. Your time remaining will first appear in green and when you get down to two minutes, it will appear in yellow. It will turn red when you have reached the end of your allotted time. If you're finishing up a sentence, when it turns red, finish that sentence, but don't just keep going. We have three cases on our calendar today. And our first case is Germain v. U.S. Attorney General. Mr. Fogle, you have reserved five minutes for rebuttal. And Ms. Camilleri, you're there as by phone? Yes, I'm here. You're on. Okay. Mr. Fogle, are you ready to proceed? If so, please begin. I am, Your Honor. May it please the court. My name is H. Glenn Fogle, Jr. and I represent the petitioner, Emanuele Germain, in this case. This is a case that hinges on basic statutory construction and plain meaning of a statute. The petitioner was convicted of making false statements on an immigration application. What he did was he checked no as to whether he'd received an unauthorized fee in connection with his petition for temporary foreign farm workers and also incorrectly listed the number of farm workers that were needed on the form. This particular offense is not relating to document fraud. 18 U.S.C. section 1546 a has four paragraphs which contain numerous offenses relating to the use and creation of fraudulent documents as well as the making of false statements and impersonation. The statute is clearly divisible and making false statements on an immigration application is not document fraud. Why is that? What supports your claim that if he was prosecuted under paragraph four that making false statements on a document, why is that not document fraud? Because document fraud is using false documents and either either using them or presenting them or making them. I mean the statute is about making false documents and document fraud. There is the part of it that's making a false statement. A false statement is a false statement on an application as opposed to actual document fraud. And do you have a case that says that what your client was convicted of is not in fact document fraud? No I don't your honor. There's not that many cases on on this particular statute at all but what there there are cases that clearly show that the statute's divisible. So right but it seems to me that you've got to get past that preliminary hurdle before we even start getting into your statutory interpretation. If he if paragraph four and what your client was convicted of deals with document fraud aren't we done? If it does that that's that's correct your honor. I mean if it's document fraud it's document fraud but it's but you know that's the point here. I mean our our argument is that it's not document fraud. I mean document fraud is using a using false documents using fraudulent documents. This is act this is an actual it's just you know what he was convicted of is it's merely a false statement on an application. So let me let me read 1546a to you. Whoever knowingly forges counterfeits alters or falsely makes any immigrant or non-immigrant visa permit border crossing card alien registration receipt card or other document why why would your client's conduct not fall within that definition? Because that's not it's not making a document your honor. It's it's it's it's a false statement on an application. It's not making a document. Is it is it not a document the the form that was filled out? Well anything is a I mean any I mean essentially I I would say it's not I'd say it's an app it's an application. I mean applications aren't documents then? Well they can be but in this particular situation I mean that's not what he was convicted he was convicted of a false statement. So anybody making a false statement on it on anything is is submitting a false document. I mean that's I don't I don't think that's what this that's what the statute is actually talking about because there's there's other things that it talks about as well such as impersonation and other things impersonation isn't isn't making a you know isn't isn't a false document either. That's why I mean our point here and our argument is that it's not is that there that this is a divisible statute with with a lot of different separate offenses and not every offense actually refers to to to a false document. So which paragraphs of 1546a in your view relate to document fraud? Well definitely one one and two. Three three could be document three three is the is is different because it's debatable because it's impersonating somebody. So that doesn't really relate necessarily to document fraud and then the last one it's the one making a false statement it's making false statements is essentially what it is. It's making false statements and and and you know it's defrauding the government but it's not it's not document fraud. It's not the it's not using a false passport using a false document making a false document which is what this you know which is what you know a lot of the statute's about but it includes these other it includes these other offenses that aren't actually you know aren't actually document fraud. And and just to be clear you don't have a case from any circuit that suggests that making a false statement on a document is not in fact document fraud. I don't but I don't there's there's no there's no state there's no case that says it is either. So I mean that's you know that's I think that's maybe one of the I can't find anything anything in either way. There are some there's there's a couple of cases that talk about the statute but that the those particular cases the the or the dependent or petitioner in those cases actually used false documents. So they you know they used a false passport or a false driver's license or different documents to you know to enter the United States. What's your response to the other circuits who have interpreted the relating to parentheticals as descriptive rather than limiting? I don't know that they necessarily interpreted them as either descriptive or limited. They didn't actually address they didn't actually address the you know that issue. They just basically you know they just basically said oh this person was convicted you know a 1546a you know therefore and they were and uh sentenced to more than a year and you know sentenced to more than a year and then therefore they're an aggravated felon. So and in those those particular cases they they actually relate to if you look at it they actually as to what the person the individual did they actually relate to somebody making you know using a false document. So that that's my you know that that's that's our that's why because this statute is divisible there are some things that you can do that use document and then there are others that don't and that's why and that's the whole point that we're trying to make and that's why we believe that Congress put that parenthetical in there saying relating to document fraud because there's no reason to put that in there if they wanted to include every single um every single offense described in 1546 because like I said I mean there's there's another one that's that's an impersonating somebody else that's not document fraud either. So the point is that what what we're what we're uh all right what we're arguing on behalf of my my client is that that this isn't in fact a limiting it is in fact the parenthetical here is is is limiting and and there's uh there are other there's other statutes I mean there's other portions of the aggravated felony statute I think that are also limiting as well um for instance 101 a 43k um to this little i which is um which talks about an offense that's described in um in section 24 21 24 22 or 24 23 of title 18 for the United States code it says which which says in the parenthetical says relating to transportation for the purpose of prostitution um then it talks about if committed for an commercial advantage so the parenthetical in this this and this statute is also restrictive because the reference statutes are also divisible because they have an alternative to the transportation to include transportation for sexual activity for which any person can be charged with a criminal offense well that's not necessarily prostitution therefore um that parenthetical is also limiting parenthetical so our so because this statute is divisible if everything in the statute all related to document fraud and the statute would really wouldn't wouldn't be divisible and not everything would and everything would be an aggravated felony in it um but in this case it's not all right Mr. Fogle thank you you as I said have reserved five minutes for rebuttal Ms. Camilleri yes good morning may it please the court this is Dana Camilleri for the attorney general petitioner's conviction under 18 U.S.C. 1546a for which he was sentenced to 18 months in prison is an aggravated felony 8 U.S.C. 1101 a 43 p plainly states that a conviction under 18 U.S.C. 1546a for which the sentence was imposed was more than one year is an aggravated felony court should reject petitioner's attempts to distract from these straightforward facts and in our view the petition for review should be denied on that basis I can go through things or if the panel has questions I'm happy to answer any questions you have do you think that every section of 1546a offenses that every section 1546a offense relates to document fraud so our view is that the parenthetical is descriptive not restrictive and you know we think that the plain language of the statute is referring to all of 1546a and I document fraud and you notice in the second half of the definition congress does make a carve out for an exception for in which an alien is making these things for the purpose of helping an immediate family member so if congress really wanted to parse this out and only have certain sections apply our view is that they would have said so more clearly than just this parenthetical and that argument you know has not been uh accepted by the third and the fifth who actually expressly said that the parentheticals are not operative in terms of these definitions why is the why is the second circuit wrong obviously it came to a different conclusion uh I'm sorry your honor what case are you referring to uh let me look it up um evangelista v ashcroft I'm not sure I'm familiar with that case um could you possibly enlighten me um sure I apologize um it's the right section they say we're not entirely comfortable with applying the fifth circuit's approach to the case before us um well I won't read you the whole thing but essentially they do a little bit more slicing and dicing than the circuits that have interpreted the way you would like us to interpret it okay I understand I'm looking it up right now um I for some reason did not come across this case previously so it's 1101-843-m um yes but don't don't worry about it it's hard it's hard to interpret a case on the fly if there's anything you'd like to say I'm sure we could accept a letter brief but you may not need or want to okay I I understand that I I apologize your honor I I had not seen this case but I I do want to address a couple of things that opposing counsel said um just in terms of it is different than when congress said for example crime of violence as defined in whatever section and then that needs to be interpreted here congress is simply saying a conviction under 1546a for which the term of imprisonment is more than a year is an aggravated felony and we feel that that is that is what congress is intense that they could have parsed it differently if they wanted to I also if the court does feel it needs to reach um whether his this court upheld his conviction and discussed the underlying conduct which included uh him signing all of the immigration paperwork that contained the false statements and thereby attesting that they were true that is that is document fraud um so I I'm not sure even if the court did want to parse things out he simply can't prevail under these facts in our view okay is that all miss cavalry come larry I don't yeah I mean we addressed everything in our brief if there are any other questions from the panel I don't have anything particularly different to say from the brief all right uh I think we're good okay thank you very much all right Mr. Fogle you have five minutes left thank you honor um there's no reason there's no what there's no reason to put the parenthetical in there if if it's not meant to be um you know if it's if it's just supposed to be descriptive because it wouldn't it wouldn't be necessary the only you know all they would say is they only needed to do if they wanted to include every single offense which is a there's a lot of different offenses um within 1546 they want to include every everything and they would not have put anything then they would have just said an offense described in 18 usc 1546 there's there's no reason if you look at 1546 there are some there's there are offenses that are involving document fraud and there are some that aren't and you know nobody's arguing what what what my client was was convicted of was convicted of making false statements on an immigration application that's it I can't I can't recall which circuit it is but one of the circuits um in a similar case said that these were descriptions because there's so many references within this statute I mean dozens of statutory references what about the argument that that's a shorthand to help someone who's looking through this statute to understand which section is being referred to without having to turn to the code pages for every single one to figure out as a shorthand what's going on I would say that because the I would say that because the statutes of it look at the statutes of visible I mean you don't need to do that I mean if you don't need to put the parenthetical in there if you want to include all of the all the offenses and and the statute is divisible I some of the offenses are not involving document for non-aggravated felony impersonation this is not document fraud and a false statement is not document fraud except if you go through the statute they seem to be very fond of parentheticals they are the statute is full and um looking at some of them it doesn't seem to me that that you could easily parse the parenthetical like a gun statute I mean they say relating to firearms offenses and then they go through that I it seems to me that using it so often instead of just one time saying hey wait a minute we're just talking about document fraud would suggest as judge grant just indicated one surmise this is just a descriptive thing to help the reader who's going through 40 or 50 of these things to see where they are I mean how do you respond to the fact they use parentheticals throughout they do use parentheticals throughout and some of the things and some they don't and and the ones and I've even like the one like the prostitution one that I've I've talked about that doesn't there's there's offenses that you can be convicted of that don't relate to and that's why that's why you need to look at the statute and and determine whether it's divisible it's divisible or not if the statute is divisible and there are things that you can do that do not that are not uh aggravated felonies then then it's a divisible statute that's why you have to look further to see which part of the statute the the person was convicted of to determine whether or they were convicted of an aggravated felony your argument is your client didn't engage in document fraud he didn't engage in fraud he didn't engage in a false statement well he engaged in fraud to the government but it wasn't document fraud it was it was a false statement it was on a document wasn't it and it was on an application it was on an application and I mean we're not that that's what he but it was it was false statements on an immigration application the other parts of document for you know the other real document fraud is is is having a document that's a fraudulent document it's not making a false statement on the document so you're saying a document a document with a false statement on it is not a fraudulent document the person has to say create an entirely false driver's license or other or something else is there any way to have a an application that is a fraudulent document in your view I don't think so no I think that's that's just a false statement on an application that's what you get convicted of making a false statement on an application it's it's not it's not a fraudulent document or following on passport identity document so as long as the underlying document is a is a true document it can't be document fraud right all right thank you Mr. Fogel uh thanks thanks to both counsel we uh have your case under submission